LOLLEY, J.,
dissenting.
I respectfully dissent from the ruling of the majority in this matter.
The matter presently under consideration results from the denial by the Shreveport City Council to issue a special exception use to Thrifty Liquor Store to operate a facility at 420 Bert Kouns Industrial Loop, Shreveport, Louisiana. I am of the opinion that the actions of the Shreveport City Council in this matter constituted arbitrary and capricious conduct and were not based upon the facts, evidence and law presented.
Thrifty Liquor Store (“Thrifty”) is a locally-operated (Shreveport) establishment whose primary business is retail sale of various spirits with several locations in the greater Shreveport area. Thrifty also offers other types of retail services such as Western Union grams, the sale of money orders, and even a place to pay utility bills at its various locations. The presented evidence in the matter clearly showed that Thrifty has been, and continues to be, a good business citizen who has the reputation of running good properties.
The site of the proposed Thrifty store was on the Bert Kouns Industrial Loop near its intersection with Linwood Avenue. At this location Bert Kouns Industrial Loop is a major east-west commercial arterial road which was designed and built for the movement of commercial traffic and business development. In fact, in the same area establishments such as Brook-shires grocery store and several convenience stores already operate with similar permits as Thrifty had sought. The only *415 difference between the permits sought was that Thrifty’s application also included a drive-through window. Additionally, the site Thrifty sought to operate on is not near a residential area or school, so the 300 foot radius ordinance did not apply.
In its pursuit of the required permits, Thrifty had to coordinate with the Shreveport Metropolitan Planning commission (“MPC”) and the Shreveport Zoning Board of Appeals (“ZBA”). After review and requesting some changes to the site plan, to which Thrifty immediately complied, both bodies recommended issuance of the requested permits.
Thrifty requested a special exception to the zoning of this commercial area, not a variance. A special exception differs in that it deals with compliance with the zoning ordinance and imposes upon a board of zoning appeals the duty to grant an exception once the conditions specified in the ordinance have been met. Additionally, a special exception is superior to a variance or nonconforming use in an attempt to expand the use as of right because it allows the owner to use his property as expressly permitted by the zoning ordnance. See Sexton, J., dissenting Papa v. City of Shreveport, 27,045 (La.App.2d Cir.09/29/95), 661 So.2d 1100, 1105.
The record in this matter is very clear. Thrifty took all possible measures, and more, to assure that the proposed location met and exceeded all city and state regulations to place and operate their retail outlet. The proposed retail outlet was, in fact, the very kind of establishment that one would expect to be built on the Burt Kouns Industrial Loop. A drive in either direction for the length of this highway clearly shows same.
When the Shreveport City Council met to consider approval of this application it was met with opposition. The primary opposition was offered from Calvary Baptist Church and its school Calvary Baptist Academy. A review of the record clearly shows that both the church and its school are located considerably further from Thrifty’s proposed site than the 300 foot radius outlined by law. Additionally, there was no showing that any residential areas were close enough to the site to be impacted.
The City Council was presented with arguments that allowing Thrifty to open and operate this establishment at the proposed location would create an environment of heavier traffic, drunk drivers, possible higher crime rate, etc., and the children attending the school would thereby be placed in peril. However, a review of this record simply does not support these positions in any manner. I am in agreement with the stated position that there existed, and still continues to exist, no substantial basis for the actions of the Shreveport City Council in denying issuance of the requested permits and that the actions of the city council were and are clearly arbitrary and capricious.
The matter was appealed to the First Judicial District Court. At its conclusion the trial court judge reversed the ruling of the Shreveport City Council’s re-zoning of the property in question from R-A to B-3 citing the highest and best use of the property. The trial court clearly ruled properly concerning this issue.
However, I am not in agreement with the ruling of the trial court in its denial of the requested permits to build and operate the store. The trial court primarily relied on the same protestations which were presented to the Shreveport City Council. My review of this transcript shows no testimony or evidence presented which was not presented to the Shreveport City Council. I am of the opinion the denial of the requested permits in an area specifical *416 ly designated for business and industrial usages, when considering the facts, evidence and law presented to them clearly constituted arbitrary and capricious conduct. I am further of the opinion that the trial court’s affirming of this ruling was manifestly erroneous and clearly wrong.
Based upon the above stated reasons I respectfully dissent from the majority’s ruling affirming the rulings of the Shreveport City Council and the trial court judge on the issue of issuing the proper permits to construct and operate this legal business. Thrifty met all of the requirements to open and operate a business in this industrial/business area and should not have been denied the requested permits based upon the unsubstantiated complaints and fears of those who do not reside in this non-residential area.